**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clarence Olin MARLER and Ronnie O.
Steele, Defendants-Appellants.**

**No. 79–5122.**

United States Court of Appeals,
Fifth Circuit.

March 17, 1980.

---

48

D. L. Middlebrooks, Pensacola, Fla., for defendants-appellants.

Emory O. Williams, Jr., Thomas R. Santurri, Asst. U. S. Attys., Pensacola, Fla., for plaintiff-appellee.

Before GODBOLD, HILL and POLITZ, Circuit Judges.

JAMES C. HILL, Circuit Judge:

A jury found Clarence Olin Marler and Ronnie O. Steele guilty of conspiracy in violation of 18 U.S.C.A. § 371 and of twelve counts of mail fraud in violation of 18 U.S.C.A. §§ 1341 and 1342. They urge reversal of the convictions on the following grounds: (1) the trial court erred in denying defendants' motion to dismiss count one of the indictment pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure; (2) the trial court abused its discretion in unduly restricting defense counsel's cross-examination of government witnesses; and (3) the trial court's rulings that the government's handwriting and arson witnesses were competent to testify as expert witnesses were manifestly erroneous, abuses of discretion, and resulted in material prejudice to defendants.

A twenty-seven count indictment was returned charging appellants and three other co-defendants with a single conspiracy and with certain substantive offenses. Marler and Steele were charged in all of the substantive counts; in some of these no co-defendants were charged.

As detailed in our opinion, this day, in *United States v. Leach,* 613 F.2d 1295 (5 Cir. 1980), trial of appellants and two co-defendants proceeded through the close of the government's case but when the testimony of one co-defendant indicated that his defense was antagonistic to appellants' defense, the trial judge severed appellants

from the trial and ordered that they be rescheduled for trial.

### CONSPIRACY COUNT

Appellant's first assertion of error is based on a claim that count one of the indictment charged the defendants with three distinct and severable conspiracies. Finding here, as we did in *Leach, supra,* that count one properly charged a single conspiracy, we reject appellants' claim and need not decide whether Rule 8(b) would have required dismissing count one against these appellants if that count had charged more than one conspiracy.

### CROSS EXAMINATION

Appellants assert that on three occasions the trial judge refused to allow them the opportunity to cross-examine prosecution witnesses and that these restrictions constituted abuses of discretion.

■ In the first instance the witness had already testified on cross-examination that she had heard only one end of a telephone conversation. Defense counsel essentially repeated his earlier question, the prosecutor objected, and the trial judge told defense counsel "not [to] go further on that one" finding that he was "going over ground [he had] been over before." Record, vol. 2 at 360–61. We find that the trial judge properly exercised his discretion to prevent repetitive questioning.

■ In the second instance, the trial judge refused to permit any re-cross-examination. The same witness, a secretary-bookkeeper for the real estate agency that was involved in the sale of all three properties involved in the conspiracy, had testified about telephone calls and other contacts between both Marler and Steele and a broker at the agency. She offered relatively little in the way of substantive testimony, and during a thorough cross-examination regarding telephone records her recollection was refreshed and she acknowledged that some calls that she had not remembered on direct examination did appear to have been made. On a short (one page transcript) redirect examination, she explained what was rather obvious as to how telephone records were made. Defense counsel then told the court that he wanted to ask the witness a question. This rather difficult witness had offered little of substance to the evidence and the trial judge had earlier noticed that she was having a throat problem and had granted a brief recess. The judge concluded that her information had been thoroughly explored on direct, cross, and redirect examination and declined to allow any further cross-examination. If anything amounting to a new subject had been developed on brief redirect it was inconsequential and declining to allow further cross on the theory that redirect had not injected new subjects was within the sound discretion of the trial judge and his exercise of discretion against allowing recross certainly produced no harm.

■ On the third occasion the trial judge did not in fact restrict cross-examination. Following a very brief redirect examination, defense counsel told the judge that he had forgotten to ask the witness one question. The judge reminded counsel that he had completed cross-examination and then, out of an abundance of caution, called counsel to the bench and asked him what the question was whereupon defense counsel withdrew the question. In their brief appellants characterize this occurrence as a refusal by the trial judge to allow one other question on recross, Brief for Appellants at 18. It was not.

### EXPERT WITNESSES

■ Appellants claim that the qualifications of the government's arson and handwriting witnesses were "tenuous or nonexistent." Brief for Appellants, at 21. Appellants object to the arson witness' limited education in the area of explosives and his limited training and experience in and reading about liquid vapor explosives. (He testified that one fire was "arson as a result of gasoline vapor explosion," Record, vol. 1, at 226.) He testified, however, that as a deputy state fire marshall he had been investigating fires for eleven years, had at-

tended two short courses on explosive fires, had been on a team investigating approximately six liquid vapor explosions, and had read portions of books and bulletins on vapor explosions. The government's handwriting witness testified that she had been a full-time document and handwriting examiner for four years, had several hundred hours of workshop training, and had testified in one federal trial and in civil and criminal state trials, sometimes to identify signatures.

Federal Rule of Evidence 702 permits opinion testimony by "a witness qualified as an expert by knowledge, skill, experience, training, or education." Appellants have utterly failed to show that the trial judge's rulings were error at all, much less that they were so clearly or manifestly erroneous as to permit our review under *United States v. Johnson*, 575 F.2d 1347 (5th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1214, 59 L.Ed.2d 454 (1979).

AFFIRMED.