M. J. BRAGG, Plaintiff-Appellant,

v.

FORETRAVEL, INC.,
Defendant-Appellee.

No. 79–2240.

United States Court of Appeals,
Tenth Circuit.

Argued May 24, 1981.

Decided June 24, 1981.

William J. Dale, Bartlesville, Okl., for plaintiff-appellant.

Dale F. McDaniel, Tulsa, Okl., for defendant-appellee.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

M. J. Bragg (Bragg) appeals a jury verdict in favor of Foretravel, Inc. (Foretravel) in a products liability action seeking recovery for personal injuries and product damage incurred during a fire which destroyed Bragg's Foretravel motor home. Jurisdiction vests by reason of diversity of citizenship.

On January 28, 1976, Bragg took delivery of a new motor home from Foretravel at their factory in Nacogdoches, Texas. David Koonce, a Foretravel employee, testified that he briefly familiarized Bragg, on the delivery date, with the essential equipment on the new motor home.[1] Bragg had no questions following the discussion.

Thereafter, Bragg left the factory in his motor home for Henderson, Texas, about 35 miles from Nacogdoches. Before Bragg reached Henderson, his motor home engine stopped, apparently due to a lack of gasoline. He checked the carburetor, found it dry and decided to catch a ride into Henderson to obtain more fuel. Bragg returned to his stalled motor home with two gallons of gas. He poured both gallons into the left fuel tank and cranked the starter, but to no

---

1. Bragg testified that they talked about "fuel tanks, fuel gauge—yes, fuel gauge, fire extinguishers, TV antenna, water tanks, bathroom, furnace, cooking stove, cooking range, refrigerator, how to light them, this type thing." [R., V. VII, p. 11].

avail. Bragg then siphoned a gallon of gas from a pickup truck and poured approximately three-fourths of it into the left fuel tank. [R., V. VII, p. 27]. The engine still would not start. Bragg decided to prime the carburetor by pouring gasoline directly into it before cranking the starter. Four or five spoonfuls of gasoline were poured into the carburetor before each starting attempt. [R., V. VII, p. 28]. He repeated this procedure three times. During the third attempt, the carburetor backfired, shooting three to four foot flames out of the carburetor into the motor home's interior. The interior subsequently caught fire despite Bragg's attempt to extinguish the flames with his shirt.[2] The fire continued to spread, eventually destroying the motor home.

Bragg suffered burns on his hands, in addition to the total loss of his new Foretravel motor home.

On appeal, Bragg alleges that the trial court erred by: (1) limiting his cross-examination; (2) failing to instruct the jury that a warranty, either express or implied, existed between the parties; and (3) refusing to give his producing cause instruction.

### I.

■ Bragg claims the trial court erred by limiting his cross-examination of Foretravel's expert witness, Robert Block. This claim is wholly without merit. The record shows that counsel for Bragg was argumentative and repetitious during cross-examination of expert Block. The trial court was more than patient in allowing this obstructiveness to continue as long as it did. Counsel wasted the court's time with redundant questions and abrasive comments interspersed between questions.

The extent of cross-examination is a matter within the trial court's discretion which an appellate court will not disturb absent proof of abuse of that discretion. *United States v. Blitstein*, 626 F.2d 774 (10th Cir. 1980), *cert. denied*, 449 U.S. 1102, 101 S.Ct.

898, 66 L.Ed.2d 828 (1981). We hold that the trial court properly exercised its discretion in order to prevent repetitive questioning and needless consumption of judicial time. Fed.Rules Evid. rule 611(a), 28 U.S.C.A.; *United States v. Marler*, 614 F.2d 47 (5th Cir. 1980).

### II.

Bragg contends the trial court erred by not instructing the jury that a warranty, either express or implied, existed between the parties.

■■ Following the close of all the evidence, counsel met with the judge in court chambers to discuss requested instructions. During this meeting, the Court stated:

I am inclined to think that the plaintiff was right, that there is not a need for a comparison of negligence because I have now received the statement of the plaintiff's contentions and it appears that the plaintiff is not contending on a negligence basis nor is it contending on a warranty basis. Both therefore have been eliminated from the requested instructions and the case is being submitted on a strict liability basis only.

[R., V. IX, p. 613].

Bragg's counsel assented to the above views by failing to object and by failing to request the instructions that he now claims the Court should have given. As a general rule, an appellant cannot assign as error the trial court's failure to give an instruction which was not requested. Fed.Rules Civ. Proc. rule 51, 28 U.S.C.A.; *Hidalgo Properties, Inc. v. Wachovia Mortgage Company*, 617 F.2d 196 (10th Cir. 1980). We find nothing in this case to exclude it from the general rule.

### III.

■ Finally, Bragg contends that the trial court erred by refusing to instruct the jury that "producing cause" was the exclusive causation test governing Texas strict liability actions.

---

**2.** Bragg testified that he didn't look for a fire extinguisher even though one was mounted under the sink three and one-half feet away.

We would be remiss, given the state of this record, if we failed to admonish counsel for both parties for the paucity of guidance given the presiding trial judge in applying Texas law to the facts of this diversity case. The causation test in Texas products liability law has been anything but clear. Under these circumstances, counsel were obliged to have undertaken more reasonable efforts to properly advise the visiting federal district judge of their views regarding the application of the Texas strict liability causation standard.

Bragg predicated his requested instruction upon alleged defects in the design and the manufacture of his motor home. More specifically, Bragg's expert witnesses testified that, in their opinion, Foretravel created an unreasonably dangerous condition by relocating the fuel tanks in the rear, by not properly adjusting the carburetor and by failing to use an effective flame retardant material in the motor home interior.

A careful reading of Texas case law indicates that the defect of a supplier's product need only be the "producing cause" of the harm in order for the supplier to be held liable in a strict liability cause of action. *Bell Helicopter Co. v. Bradshaw*, 594 S.W.2d 519 (Tex.Civ.App.1979); *General Motors Corp. v. Hopkins*, 548 S.W.2d 344 (Tex.Sup. 1977); *Rourke v. Garza*, 530 S.W.2d 794 (Tex.Sup.1975). There may be more than one producing cause. *Bell Helicopter Co. v. Bradshaw, supra; General Motors Corp. v. Hopkins, supra.*

The instruction Bragg requested was:
A producing cause is an efficient, exciting or contributing cause, which in a natural and continuous sequence *caused in whole or in part* the occurrence and but for which would not have occurred. There can be more than one producing cause.
[R., V. I, p. 239]. [Emphasis supplied].

The instruction actually given was:
Now, this term proximate cause, which is sometimes referred to as producing cause of the injury or the loss, as the expression is used in these instructions, means merely the cause which in the nat-ural and continuous sequence, *without intervention of any other cause*, produces the injury or loss and without which the result would not have happened."
[R., V. IX, p. 625]. [Emphasis supplied].

The Court's instruction is, of course, inconsistent with Bragg's requested instruction and Texas law. The pertinent language used in the Court's instruction which erroneously differentiates it from an acceptable producing cause instruction is "without intervention of any other cause". This language is much more limiting than "caused in whole or in part" as used in the "producing cause" instructions found in Texas case law. Thus, we must reverse and remand for a determination of causation based upon the producing cause instruction requested by Bragg.

REVERSED AND REMANDED.