PER CURIAM.
This case involves the question as to whether there is “... such a thing as ‘recross’ ”. Contrary to the trial judge’s assertion that there is not, we hold that there is. Even those cases which stand most strongly for the proposition that the trial court has great discretion in limiting, or even prohibiting, “recross” inherently rec *791 ognize that there is such a thing as recross-examination. See United States v. Marler, 614 F.2d 47 (5th Circuit 1980); United States v. Hyde, 574 F.2d 856 (5th Circuit 1978).
The foregoing notwithstanding, the record reflects that the appellant in the instant case, who was the defendant below, was not prejudiced by the Court’s erroneous comment. Furthermore, immediately after stating that he believed that there was "no such thing as ‘recross’ ”, the trial court proceeded to allow the defense attorney to ask one question, which is all that the defense attorney indicated he wished to ask. Furthermore, the record does not reflect any proffer of the questions that appellant’s trial counsel found were being erroneously precluded by the court’s ruling.
Affirmed.